# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DONALD BRYANT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV407-082 |
| OFFICER GROGAN, OFFICER CARELOCK, and SAVANNAH CHATHAM POLICE DEPARTMENT, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On June 22, 2007, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. See Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. Early case screening permits dismissal if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; see 28 U.S.C. § 1915(e)(2)(B); see also 42 U.S.C. § 1997e(c)(1). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.[1]

Plaintiff, a pre-trial detainee in the Chatham County Jail, stands charged with possession of crack cocaine. Doc. 9. He brings two claims arising from his arrest. First, he alleges that he was falsely arrested without probable cause on May 17, 2007. Doc. 1, 9. He argues that Officer Grogan illegally "planted" the evidence that led to his arrest. Id. Second, plaintiff alleges that he was subjected to excessive force during

---

[1] The Court sent, and plaintiff promptly returned, a questionnaire seeking greater detail regarding the claims in question. Doc. 9. The questionnaire will be considered along with the plaintiff's initial complaint.

the arrest when Officers Grogan and Carelock beat him, hit his head against the hood of the police car, and struck him in the ribs and kidneys. Docs. 1, 9. Plaintiff seeks prosecution of the police officers, along with compensation for his injuries. Id. at 6.

The Court first addresses the false arrest claim. The Fourth Amendment prohibits "unreasonable . . . seizures," and thus a law enforcement officer who abuses his state authority by conducting a warrantless arrest without probable cause is subject to civil liability under 42 U.S.C. § 1983. See Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990) ("A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim."); Herren v. Bowyer, 850 F.2d 1543, 1547 (11th Cir. 1988) ("The law is 'clearly established' that an arrest without a warrant or probable cause to believe a crime has been committed violates the fourth amendment"); Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990) (violation of the Fourth Amendment right not to be arrested without probable cause gives rise to a claim for damages under § 1983).

Plaintiff claims that the police "stopped [him] for no reason" and

that Officer Grogan offered him crack cocaine "in exchange for the names of people selling drug[s] in Hitch Village."[2] Doc. 9 at 2. After plaintiff declined the offer, he indicates that crack cocaine was "planted" on the ground and used to bring criminal charges against him. Id. at 2, 3. The allegations, if true, indicate that this warrantless arrest was made without probable cause. Plaintiff has therefore successfully stated a claim for false arrest.

Plaintiff further contends that Officers Grogan and Carelock applied excessive force during his arrest. Docs. 1, 9. The Fourth Amendment guarantees freedom from unreasonable searches and seizures, and "encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002); Graham v. Connor, 490 U.S. 386, 393-95 (1989). The claim for excessive force can be construed in two ways. If the initial stop was illegal, as the plaintiff alleges, his "claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim." Jackson v. Sauls, 206 F.3d 1156,

---

[2] Plaintiff's allegations are far from clear, even after receiving the completed questionnaire.

4

1171 (11th Cir. 2000); Williamson v. Mills, 65 F.3d 155, 158-59 (11th Cir. 1995). A claim for excessive force can also stand as a separate claim when it occurs during a legal stop or arrest. Jackson, 206 F.3d at 1171. Plaintiff's excessive force claim is subsumed in his false arrest claim.

Plaintiff has improperly named the Savannah Chatham Police Department as a defendant. The police department is not an entity subject to suit under § 1983. See Lovelace v. DeKalb Central Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (stating county police department not a "legal entity" subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting sheriff and police departments not considered "legal entities" subject to suit).

Finally, plaintiff is advised that this Court has no power to initiate prosecution against Officers Grogan and Carelock. Plaintiff should refer his requests for prosecution to the appropriate investigative agency.

For the reasons above, the Court finds the false arrest claim to be colorable under § 1983. The Clerk is therefore **DIRECTED** to forward a copy of the plaintiff's complaint and this Report and Recommendation for service upon defendants, Officers Grogan and Carelock. It is

**RECOMMENDED** that the excessive force claim and the claim against the Savannah Chatham Police Department be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 16TH day of November, 2007.

```
                                    /s/ G.R. Smith
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA
```