```
                                                              FILED
                                                         U.S. DISTRICT COURT
         IN THE UNITED STATES DISTRICT COURT FOR
            THE SOUTHERN DISTRICT OF GEORGIA       2008 JAN 10 AM 10: 10
                      SAVANNAH DIVISION
                                                    CLERK_____
                                                        SO. DIST. OF GA.
```

DONALD BRYANT,  )
  )
    Plaintiff,  )
  )
v.  )
  )   CASE NO. CV407-82
OFFICER GROGAN, OFFICER  )
CARELOCK, and SAVANNAH  )
CHATHAM POLICE DEPARTMENT,  )
  )
    Defendants.  )
  )

## O R D E R

Before the Court are Plaintiff Donald Bryant's Complaint and the Magistrate Judge's Report and Recommendation, to which no objections have been filed. After a careful de novo review of the record in this case, the Court concurs in part with the Report and Recommendation.

Plaintiff, a pre-trial detainee, brings two claims arising from his May 17, 2007 arrest. First, he alleges that he was falsely arrested without probable cause. Second, he claims that Defendants Grogan and Carelock applied excessive force during his arrest.

The Magistrate Judge found that Plaintiff successfully states a claim for false arrest against Defendants Grogan and Carelock, and this Court concurs. However, for the

following reasons, the Court does not concur with the Magistrate Judge's finding that Plaintiff's excessive force claim is subsumed in his false arrest claim.

In cases where a Fourth Amendment claim of excessive force is based entirely upon the illegality of a stop, the excessive force claim is subsumed within the illegal stop or arrest claim. Jackson v. Sauls, 206 F.3d 1156, 1171 (11th Cir. 2000). However, this rule applies only in situations where a plaintiff claims that, because the stop or arrest was illegal, *any* use of force was therefore excessive.

For example, in Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995), the Eleventh Circuit found that an excessive force claim was subsumed within a false arrest claim where the plaintiff had argued that "there was no need for *any* force." Id. (emphasis in original). In so finding, the court emphasized that the plaintiff had "not argue[d] that the force used was more than that reasonably necessary to effect the arrest." Id. "The correct analysis is that the excessive force claim is subsumed in the illegal stop or arrest claim . . . where a plaintiff contends the force was excessive because there was no basis for *any* force." Jackson, 206 F.3d at 1171 (emphasis in original).

Here, Plaintiff alleges that Defendants Grogan and Carelock beat him violently and assaulted him in a number of ways. Such conduct on the part of law enforcement officials would be excessive even if the arrest was proper. Accordingly, both of Plaintiff's claims are colorable under § 1983. A copy of Plaintiff's Complaint has already been served upon Defendants Grogan and Carelock, but they are now advised that <u>both</u> of Plaintiff's claims **REMAIN PENDING**. As recommended by the Magistrate Judge, the claim against the Savannah Chatham Police Department is **DISMISSED**.

SO ORDERED this 10th day of January, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA