UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DONALD BRYANT,                        )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   Case No. CV407-082
                                      )
OFFICER GROGAN and OFFICER            )
CARELOCK,                             )
                                      )
    Defendants.                       )

## REPORT AND RECOMMENDATION

Before the Court is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 22.) Defendants contend that there are no genuine issues of material fact requiring trial on Bryant's false arrest claims.[1] (Id.) Bryant has not responded to the motion, so it is therefore deemed unopposed. L.R. 7.5. Included with defendants' motion is a statement of uncontested material facts and a supporting brief. (Id.) All material facts set forth in defendants'

---

[1] The defendants do not address Bryant's excessive force claim in their motion for summary judgment, though the district judge explicitly found that the claim remained pending. (Doc. 14.)

statement of uncontested material facts will be deemed admitted for purposes of this summary judgment motion since Bryant did not controvert them by filing his own statement of facts. L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party."); see Cockrell v. Sparks, 510 F.3d 1307, 1310 n.2 (11th Cir. 2007). For the reasons that follow, defendants' motion should be **GRANTED**, and Bryant's false arrest claims should be **DISMISSED**.

I. **BACKGROUND**

Bryant was arrested on two occasions in May 2007. The first arrest occurred on May 4. (Doc. 22-2 at 1-2.) Officer Carelock stopped Bryant, who was riding his bicycle, for an equipment violation because his front lamp was not visible. (Id.) While writing the citation, Carelock asked Bryant if he would consent to a search of his pockets. (Id. at 2.) Bryant consented to the search, and Carelock found a glass "crack pipe" in Bryant's pocket. (Id.) Carelock then arrested Bryant for possession of drug

paraphernalia, in addition to the bicycle equipment violation.² (Id.) It is unclear whether Bryant meant to assert that he was falsely arrested during this stop, but the Court will presume that he intended to raise such a claim. Officer Carelock alleges that he "acted appropriately and in good faith in [Bryant's] arrest and subsequent transportation to jail." (Carelock Aff. 2 at ¶ 7.) On May 22, 2007, Bryant pled guilty to both charges. (Doc. 22-2 at 2.)

The second arrest occurred on May 17, 2007. (Id.) Officer Grogan, while on patrol, noticed Bryant walking along Paulsen Street. (Id.) Bryant had his left hand curled into a fist and he pulled the hand behind his leg "as if he were trying to hide something." (Id. at 3.) Grogan asked Bryant if he was willing to speak with him. (Id.) Bryant approached Grogan and dropped "what appeared to be a white rock out of his left hand." (Id.) Meanwhile, Officer Carelock arrived and pulled his car behind Grogan's. (Id.) Grogan asked Bryant to approach Carelock's vehicle, while Grogan moved to inspect the white rock. (Id.) He determined that the rock appeared to be a "crack rock." (Id.) A field test confirmed his assessment,

---

² Officer Grogan, the other defendant in this suit, was not present at the stop and had nothing to do with this arrest. (Doc. 22 at 2.)

3

as the rock tested positive for cocaine. (Id.) The officers placed Bryant under arrest for possession of a controlled substance. (Id.) On March 25, 2008, Bryant pled guilty to the charge. (Id.) In his complaint and the subsequent questionnaire, Bryant alleged that the crack was planted by the police officers. (Docs. 1 & 9.)

## II. LEGAL ANALYSIS

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–86 (1986). If the record taken as a whole would preclude a rational fact-finder from deciding in the non-moving party's favor, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

## B. False Arrest

The Fourth Amendment prohibits "unreasonable ... seizures," and thus a law enforcement officer who abuses his state authority by conducting a warrantless arrest without probable cause is subject to civil liability under 42 U.S.C. § 1983. Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990) ("A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim."); Herren v. Bowyer, 850 F.2d 1543, 1547 (11th Cir. 1988) ("[A]n arrest without a warrant or probable cause to believe a crime has been committed violates the fourth amendment"); Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990) (violation of the Fourth Amendment right not to be arrested without probable cause gives rise to a claim for damages under § 1983).

## C. Merits of Defendants' Motion

An absence of probable cause is required to establish a claim of false arrest. Marx, 905 F.2d at 1505-06. Probable cause for an arrest requires that the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient to warrant a prudent person to believe that the suspect had committed or was

committing a criminal offense. Beck v. Ohio, 379 U.S. 89, 92 (1964). Accepting defendants' version of the facts as true, it is clear that Carelock and Grogan developed probable cause prior to each arrest. As noted above, Bryant consented to search prior to the first arrest, and Carelock found a "crack pipe" in his pocket. (Doc. 22-2 at 2; Carelock Aff.) Regarding the second arrest, Grogan stated that he saw Bryant drop a white rock, which his field test revealed was positive for cocaine. (Doc. 22-2; Grogan Aff.) In both cases Bryant was caught red-handed with contraband, a showing far beyond that which is required to establish probable cause under Beck. As Bryant has failed to meet his burden of putting forth material facts from which a rational fact-finder could find that defendants falsely arrested him, his claims for false arrest should be dismissed.

## III. CONCLUSION

Bryant has failed to present evidence raising any genuine issues of material fact requiring a trial on his false arrest claims, so defendants have demonstrated that they are entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment should be

**GRANTED**, and the claims for false arrest should be **DISMISSED** from this case. Bryant's claim of excessive force remains pending.

**SO REPORTED AND RECOMMENDED** this 27th day of June, 2008.

/s/
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA