# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DONALD BRYANT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV407-082 |
| OFFICER GROGAN and OFFICER CARELOCK, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is defendants' motion for summary judgment, in which they contend that there are no genuine issues of material fact requiring trial on Bryant's excessive force claim. (Doc. 33.) Bryant has not responded to the motion, so it is therefore deemed unopposed. L.R. 7.5. Included with defendants' motion is a statement of uncontested material facts and a supporting brief. (Id.) All material facts set forth in defendants' statement of uncontested material facts will be deemed admitted for purposes of this summary judgment motion, as Bryant did not controvert them by filing his own statement of disputed facts. L.R.

56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party."); see Cockrell v. Sparks, 510 F.3d 1307, 1310 n.2 (11th Cir. 2007). For the reasons that follow, defendants' motion should be **GRANTED**, and Bryant's case should be **DISMISSED**.

I. BACKGROUND

Bryant was arrested on two occasions in May 2007. On May 4, Officer Carelock observed Bryant riding his bicycle and stopped him for an equipment violation because his front lamp was not visible. (Doc. 33-2 at 1-2.) While writing the citation, Carelock asked Bryant if he would consent to a search of his pockets. (Id. at 2.) Bryant consented to the search, which led to the discovery of a glass "crack pipe" in Bryant's pocket. (Id.) Carelock then arrested Bryant for possession of drug paraphernalia, in addition to the bicycle equipment violation.[1] (Id.) He

---

[1] Officer Grogan, the other defendant in this suit, was not present at the May 4 stop and had nothing to do with this arrest. (Doc. 32 at 3.)

2

handcuffed Bryant as he remained seated on the bicycle, and Bryant then got off the bicycle and walked with Carelock to his patrol car. (Id.) Bryant did not resist the arrest, so Carelock never had to use any significant force in carrying it out. (Id.) Officer Carelock alleges that he "acted appropriately and in good faith in [Bryant's] arrest and subsequent transportation to jail." (Carelock Aff. 2 at ¶ 7.) On May 22, 2007, Bryant pled guilty to both charges. (Doc. 33-2 at 2.)

The second arrest occurred on May 17, 2007. (Id. at 3.) Officer Grogan, while on patrol, noticed Bryant walking along Paulsen Street. (Id.) Bryant had his left hand curled into a fist, and he pulled the hand behind his leg "as if he were trying to hide something." (Id.) Grogan asked Bryant if he was willing to speak with him. (Id.) Bryant approached Grogan and dropped "what appeared to be a white rock out of his left hand." (Id.) Meanwhile, Officer Carelock arrived and pulled his car behind Grogan's. (Id.) Grogan asked Bryant to approach Carelock's vehicle, while Grogan moved to inspect the white rock. (Id.) He determined that the rock appeared to be a "crack rock." (Id.) A field test confirmed his assessment, as the substance tested positive for

cocaine. (Id.) Officer Grogan walked to where Bryant was standing and placed him under arrest. (Id.) He handcuffed him and placed him in the patrol car. Bryant did not resist. (Id.) On March 25, 2008, Bryant pled guilty to the charge. (Id.)

## II. LEGAL ANALYSIS

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–86 (1986). If the record taken as a whole would preclude a rational fact-finder from deciding in the non-moving party's favor, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

## B. Merits of Bryant's Claim

The Fourth Amendment guarantees freedom from unreasonable searches and seizures, and clearly "encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002); Graham v. Connor, 490 U.S. 386, 393-95 (1989). However, "a Fourth Amendment violation can occur without much force being applied during a seizure. The Amendment protects people from 'unreasonable' seizures, and 'unreasonable' contemplates 'more than the unnecessary strike of a nightstick, sting of a bullet, [or] thud of a boot.'" Hicks v. Moore, 422 F.3d 1246, 1255 (11th Cir. 2005) (quoting Fontana v. Haskin, 262 F.3d 871, 878 (9th Cir. 2001)). In other words, "[b]eyond the specific proscription of excessive force, the Fourth Amendment generally proscribes unreasonable intrusions on one's bodily integrity, and other harassing and abusive behavior that rises to the level of unreasonable seizure." Fontana, 262 F.3d at 878 (quoting Headwaters Forest Def. v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2001)). But, "not every intrusion, touching, discomfort or embarrassment during an arrest is actionable as a violation of the Fourth

Amendment. Some of these acts may be provably accidental or just too insignificant and thus within the range of the constitutionally reasonable." Hicks, 422 F.3d at 1254. In determining whether police behavior is unreasonable under the Fourth Amendment, a court must carefully balance the "'nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham, 490 U.S. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985)).

Accepting defendants' version of the facts as true, it is clear that Carelock and Grogan applied an insignificant amount of force in handcuffing Bryant and escorting him to their police cruisers. (Doc. 33-2 at 2-3; Carelock Aff.; Grogan Aff. ) The use of minimal force during a lawful arrest—such as the application of handcuffs—simply does not give rise to a Fourth Amendment claim. Without alleging an unreasonable application of force, Bryant has failed to meet his burden of putting forth material facts from which a rational fact-finder could find that defendants applied excessive force during his arrests.

## III. CONCLUSION

Bryant has failed to present evidence raising any genuine issues of material fact requiring a trial, so defendants have demonstrated that they are entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment should be **GRANTED**, and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 4th day of August, 2008.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA